NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERMAINE L. BRYANT, | Civil Action No. 18-2701 (JLL) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| PATRICK NOGAN, et al., | |
| Respondents. | |

IT APPEARING THAT:

1. Following a jury trial, Petitioner, Jermaine L. Bryant, was convicted of various charges, including murder and aggravated assault, in the Superior Court of New Jersey for Essex County and received a life sentence on or about February 24, 1994. (*See* ECF No. 1).

2. Following numerous proceedings in the state courts, on or about February 24, 2012, Petitioner filed a petition for a writ of *habeas corpus* challenging this conviction. *Bryant v. Warren*, Civil Action No. 12-1126 (JLL), 2014 WL 1569492, at *1 (D.N.J. Apr. 16, 2014). Following extensive briefing, this Court dismissed Petitioner's previous *habeas* petition with prejudice as time barred on April 16, 2014, and denied Petitioner a certificate of appealability. *Id.* Petitioner appealed, and the Third Circuit dismissed his appeal and denied him a certificate of appealability on or about October 15, 2014. (*See* Docket No. 12-1126 at ECF No. 31).

3. On or about February 26, 2018, Petitioner submitted to the Court a new *habeas* petition challenging the same conviction and sentence, allegedly based upon "newly discovered evidence" in the form of "medical reports" and "ballistic reports" that Petitioner claims he was denied prior to his trial. (ECF No. 1 at 5-6).

4. Because Petitioner did not initially pay the filing fee in this matter, this Court administratively terminated that petition on March 2, 2018. (ECF No. 2). In so doing, however, this Court also noted that "[b]ecause Petitioner's first petition was previously dismissed with prejudice by this Court, Petitioner's current filing amounts to a second or successive *habeas* petition brought without leave of the Court of Appeals," and that this Court generally "lacks jurisdiction over second or successive *habeas* petitions." (*Id.* at 1-2 n. 1).

5. As Petitioner has now paid the applicable filing fee, this Court is required to screen his new petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any *habeas* petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

6. Because Petitioner has filed a previous habeas petition which was previously dismissed with prejudice as time barred, Petitioner's current *habeas* petition is a second or successive *habeas* petition filed without leave from the Court of Appeals. Pursuant to the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), this Court's jurisdiction over second and successive *habeas* petitions brought under § 2254 is limited. *See* 28 U.S.C. § 2244(b)(3)(A). Under AEDPA, a *habeas* petitioner may not filed a second or successive habeas petition in this Court without first receiving authorization from the appropriate court of appeals, in this case the Third Circuit. *Id.* Absent a grant of authorization from the Court of Appeals, this Court lacks jurisdiction over a second or successive habeas petition. *Id.*; *see also Burton v. Stewart*, 549 U.S. 147, 152 (2007) (district court "never had jurisdiction to consider" successive petition where the petitioner "did not seek or obtain authorization to file in the District Court"); *Blystone v. Horn*,

664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive *habeas* petition acts as a jurisdictional bar"). "When a second or successive *habeas* petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). The interests of justice will generally support a transfer of a successive *habeas* petition to the Court of Appeals only where the petitioner has alleged facts which would be sufficient to bring him within the gatekeeping requirements for the authorization of a successive petition under the habeas statute. *See Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. May 21, 2010). Under 28 U.S.C. § 2244(b)(2), the Court of Appeals may authorize a second or successive petition only where the petition presents either a claim based on "a new rule of constitutional law[] made retroactive to cases on collateral review," or a claim based on newly discovered evidence whose "factual predicate could not have been discovered previously through . . . due diligence" which "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense."

7. Because it is clear that Petitioner's current petition is a second or successive petition brought without leave of the Court of Appeals, this Court lacks jurisdiction over his petition and must either dismiss the petition or transfer it to the Court of Appeals if it would be in the interests of justice to do so. *Robinson*, 313 F.3d at 139. Turning to whether Petitioner's petition should be transferred to the Court of Appeals, it is clear that Petitioner has failed to allege facts sufficient to bring him with § 2244(b)(2)'s gatekeeping requirements. First, the Court notes that Petitioner's claim is not based on a new rule of constitutional law as he alleges only a *Brady* violation. Second,

3

while Petitioner alleges that his claim is based on newly discovered evidence, the documents he provides and the record of this matter and his previous *habeas* petition clearly indicate that Petitioner was aware of the medical autopsy report and ballistics report on which his current claim is based long before he filed his first *habeas* petition. (*See, e.g.,* Document 1 attached to ECF No. 1 at 78, Document 2 attached to ECF No. 1 at 6). Indeed, Petitioner was clearly aware of these documents before the dismissal of his first *habeas* petition as he specifically raised this same issue in his attempt to show that he should be permitted to evade the AEDPA statute of limitations based on his alleged actual innocence. *See Bryant*, 2014 WL 1569492 at *6. Clearly, Petitioner's claim is not based on "new evidence" and the evidence in question was in his possession long before he filed his first, time-barred, *habeas* petition. Petitioner's current claim therefore does not fall into either of the gatekeeping provisions of the statute, and the Court finds that a transfer of this matter to the Court of Appeals is therefore not warranted. *Hatches*, 381 F. App'x at 137. Petitioner's current *habeas* petition shall therefore be dismissed for lack of jurisdiction.

8. In conclusion, Petitioner's current second or successive *habeas* petition will be dismissed without prejudice for lack of jurisdiction. An appropriate order follows.

JOSE L. LINARES
Chief Judge, United States District Court