UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JERMAINE L. BRYANT,

Petitioner,

v.

PATRICK NOGAN, et al.,

Respondents.

Civil Action No. 18-2701 (JLL)

MEMORANDUM OPINION

IT APPEARING THAT:

1. On or about February 26, 2018, Petitioner, Jermaine L. Bryant, filed the instant petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (ECF No. 1).

2. On March 14, 2018, this Court entered an order and memorandum opinion dismissing that petition without prejudice for lack of jurisdiction as it was a second or successive habeas petition brought without leave of the Court of Appeals. (ECF Nos. 4–5).

3. On March 28, 2018, Petitioner filed a response to that Order, which this Court construes to be a motion for reconsideration brought pursuant to either Local Civil Rule 7.1(i) or Federal Rule of Civil Procedure 59(e). (ECF No. 6). In his response, Petitioner does not state that he has sought or received permission to file this successive habeas petition from the Court of Appeals, but instead argues that he should be permitted a hearing so that he can prove that he is innocent of the crime for which he is imprisoned. (*Id.*).

4. Whether brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or Local Civil Rule 7.1(i), the scope of a motion for reconsideration is extremely limited, and courts will grant such motions only sparingly. *Delanoy v. Twp. of Ocean*, No. 13-1555, 2015 WL 2235103, at *2 (D.N.J. May 12, 2015) (as to Local Civil Rule 7.1(i)); *see also Blystone v. Horn*, 664 F.3d

1

397, 415 (3d Cir. 2011) (as to Rule 59(e)). An order of the Court may be altered or amended pursuant to such a motion only where the moving party establishes one of the following grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Delanoy*, 2015 WL 2235103 at *2 (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also Blystone*, 664 F.3d at 415 (applying same standard to 59(e) motions). In the reconsideration context, a manifest injustice will generally arise only where "the Court overlooked some dispositive factual or legal matter that was presented to it," or committed a "direct, obvious, and observable" error. *See Brown v. Zickefoose*, No. 11-3330, 2011 WL 5007829, at *2, n.3 (D.N.J. Oct. 18, 2011) (citations and quotations omitted). Reconsideration motions may not be used to relitigate old matters or to raise arguments or present evidence or allegations that could have been raised prior to entry of the original order, and courts should only grant such a motion where its prior decision "overlooked a factual or legal issue that may alter the disposition of the matter." *Delanoy*, 2015 WL 2235103 at *2.

5. While Petitioner argues at length in his motion that he should be granted a hearing to prove his innocence, Petitioner utterly fails to address the fact that his current petition is a second or successive habeas petition brought without leave of the Court of Appeals. As this Court previously explained to Petitioner,

> Because Petitioner has filed a previous habeas petition which was previously dismissed with prejudice as time barred, Petitioner's current habeas petition is a second or successive habeas petition filed without leave from the Court of Appeals. Pursuant to the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), this Court's jurisdiction over second and successive habeas petitions brought under § 2254 is limited. *See* 28 U.S.C. § 2244(b)(3)(A). Under AEDPA, a habeas petitioner may not file a

2

second or successive habeas petition in this Court without first receiving authorization from the appropriate court of appeals, in this case the Third Circuit. *Id.* Absent a grant of authorization from the Court of Appeals, this Court lacks jurisdiction over a second or successive habeas petition. *Id.*; *see also Burton v. Stewart*, 549 U.S. 147, 152 (2007) (district court "never had jurisdiction to consider" successive petition where the petitioner "did not seek or obtain authorization to file in the District Court"); *Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar"). "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

(ECF No. 4 at 2–3).

6. Because Petitioner has previously had a habeas petition dismissed with prejudice as time barred, his petition is a second or successive habeas petition, and this Court has no jurisdiction to hear any of his claims – including his claim of innocence – unless and until Petitioner seeks and obtains leave from the Third Circuit. *Blystone*, 664 F.3d at 411–12. Because Petitioner's motion in no way disputes that his habeas petition is a successive petition, nor shows that Petitioner has secured the permission of the Court of Appeals, he has failed to show that this Court erred in dismissing his habeas petition, and Petitioner has thus failed to show any valid basis for reconsideration. Petitioner's motion for reconsideration must therefore be denied.

7. In conclusion, Petitioner's motion for reconsideration, (ECF No. 6), is denied. An appropriate order follows.

Dated: 4/12/18

JOSE L. LINARES,
Chief Judge, United States District Court